IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Highway Materials, Inc.,           :
                                   :
                    Petitioner     :
                                   :
          v.                       :  No. 1267 C.D. 2018
                                   :  Submitted: January 25, 2019
Commonwealth of Pennsylvania,      :
Department of Transportation,      :
                                   :
                    Respondent     :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                FILED:  August 22, 2019

          Highway Materials, Inc. (HMI) petitions for review of a determination
of the Commonwealth of Pennsylvania, Department of Transportation (Department)
that HMI's bid protest was untimely.  HMI argues that the Department erred in
denying its bid protest as untimely when HMI filed its protest within seven days of
when it knew or should have known that it was an aggrieved bidder.  Further, HMI
maintains that it was the lowest responsive and responsible bidder and complied with
all statutory and regulatory requirements for a timely submission of a Public Works
Verification Form (Form).  Alternatively, HMI argues that the Department abused its
discretion by failing to exercise its discretion to waive an immaterial post-bid
irregularity.  Upon review, we affirm.

**Background**

On May 19, 2018, the Department solicited bids for its Electronic Construction Management System Project No. 111063 High Friction Surface Project (Project) at various state routes throughout Engineering District 6-0. The Department opened the bids on June 21, 2018. Section 107.31(c) of the Contract Specifications for the Project, as set forth in the Department's Publication 408 (2016),[1] required the apparent low bidder for the Project to submit a Form within seven days after the bid opening, which meant that the Form was due on June 28, 2018. HMI was the apparent low bidder on the Project. However, on July 3, 2018, the Department rejected HMI's bid for failure to timely submit the Form in accordance with Section 107.31(c) of the Contract Specifications.

On July 9, 2018, HMI filed a protest regarding the rejection of its bid based on its failure to comply with Section 107.31 of the Contract Specifications. Reproduced Record (R.R.) at 30a. HMI argued Section 107.31 of the Contract Specifications is unenforceable because the imposition of a seven-day deadline to submit the Form alters the mandates of the Public Works Employment Verification Act (Act)[2] and attendant regulations, 4 Pa. Code §§66.1-66.9. HMI asserted that it submitted the Form in full compliance with the Act and the regulations on July 5, 2018, prior to the award of the contract. Alternatively, HMI argued that any failure to submit the Form in accordance with Section 107.31 of the Contract Specifications should be considered a non-material bid defect, which the Department may waive.

---

[1] Publication 408 is available on the Department's portal at: http://www.dot.state.pa.us/public/PubsForms/Publications/Pub_408/408_2016/408_2016_IE/408_2016_IE.pdf (last visited July 29, 2019).

[2] Act of July 5, 2012, P.L. 1086, 43 P.S. §§167.1-167.11.

The Department's contracting officer initially reviewed the protest and recommended that the Secretary of the Department or his designee disregard the bid protest as untimely filed or deny the bid protest in its entirety on the basis that HMI did not comply with the Contract Specifications.

The Executive Deputy Secretary of the Department (Deputy Secretary) then reviewed the protest and the contracting officer's recommendation and agreed that HMI's protest was untimely. Deputy Secretary reasoned that HMI knew or should have known of the facts giving rise to its protest when the Department published the Contract Specifications on May 19, 2018, or, at the very latest, by June 21, 2018, when the Department sent HMI an email requesting that it submit the Form within seven days of the bid opening. However, HMI did not file a bid protest with the Department until July 9, 2018, well beyond the seven-day period within which to file protests. *See* Section 1711.1(b) of the Commonwealth Procurement Code (Procurement Code), 62 Pa. C.S. §1711.1(b) (providing "the protest shall be filed with the head of the purchasing agency within seven days after the aggrieved bidder or offeror or prospective contractor knew or should have known of the facts giving rise to the protest"). Thus, Deputy Secretary determined the bid protest was untimely and that HMI waived the right to file a protest.

Moreover, even if the bid protest could be considered timely filed, the Deputy Secretary determined that HMI's protest lacked merit because HMI did not "strictly comply with the requirements and criteria in the solicitation," which required the Form to be submitted within seven days of the bid opening. Department's Determination, 9/4/18, at 5. Having failed to comply with the bid specifications, HMI's bid was not responsive. Accordingly, the Deputy Secretary

3

denied HMI's protest. From this decision, HMI filed a timely petition for review in this Court.[3, 4]

## Issues

HMI argues that the Department erred by denying its bid protest as untimely. HMI filed its protest within seven days of when it knew it was an aggrieved bidder when the Department rejected its bid. Further, HMI contends the Department erred by denying its bid protest where HMI was the lowest responsive and responsible bidder and complied with all statutory and regulatory requirements for a timely submission of a Form. Alternatively, HMI asserts that the Department abused its discretion by refusing to waive an immaterial post-bid irregularity in the public's best interest.

---

[3] HMI also filed an amended application for stay and expedited review. By order dated October 25, 2018, this Court denied the amended application insofar as it requested a stay, but granted the request for expedited review.

[4] As this Court has explained:

> The Procurement Code sets forth the scope and standard of review in an appeal from a determination denying a bid protest. Section 1711.1(i) provides, "The court shall hear the appeal, without a jury, on the record of determination certified by the purchasing agency. The court shall affirm the determination of the purchasing agency unless it finds from the record that the determination is arbitrary and capricious, an abuse of discretion or is contrary to law." 62 Pa. C.S. § 1711.1(i).

*MSG Group, Inc. v. Department of Public Welfare*, 902 A.2d 613, 616 n.9 (Pa. Cmwlth. 2006).

**Discussion**

First, HMI maintains that the Department erred by rejecting its bid protest as untimely. According to HMI, it had no basis to know of its grounds for protest until July 3, 2018, when the Department rejected its bid. HMI maintains that the July 3, 2018 notice of rejection was the first notice HMI had that its bid was being rejected for failure to comply with the "Public Works Employment Verification Requirements."

A bidder or prospective bidder "that is aggrieved in connection with the solicitation or award of a contract, . . . may protest to the head of the purchasing agency in writing." Section 1711.1(a) of the Procurement Code, 62 Pa. C.S. §1711.1(a). Such protests must be filed within "seven days" after the aggrieved bidder or prospective bidder "knew or should have known of the facts giving rise to the protest." 62 Pa. C.S. §1711.1(b). "Untimely filed protests shall be disregarded by the purchasing agency." *Id.*

HMI claims it was not aggrieved until the Department rejected its bid on July 3, 2018 and it did not know, and could not have known, of the facts giving rise to its protest until that time. However, this Court squarely rejected this same argument in *Cummins v. Department of Transportation*, 877 A.2d 550, 553 (Pa. Cmwlth. 2005). We opined:

> On appeal, Cummins contends that his protest was timely because it was filed within seven days of when he learned that his bid had been rejected. This argument is without merit. Cummins' protest was based upon the assertion that two project items were assigned the wrong classification codes, and had the item been properly classified, Cummins would have met the prequalification requirements. Thus, the salient facts giving rise to his protest were the codes assigned to the two work items and the codes for which Cummins has been prequalified, and the relevant inquiry

5

is when Cummins knew or should have known these facts. As noted above, the description of each work item and its corresponding code was included in the proposal for bids published in early September 2004, and Cummins does not claim that he was unaware of the classifications in which he is prequalified.

877 A.2d at 553. Similarly, in *Collinson, Inc. v. Department of Transportation*, 959 A.2d 480, 484 (Pa. Cmwlth. 2008), we held that the seven-day period for a contractor to file a bid protest challenging the prequalification classification codes as detailed in the bid specifications began when the project was advertised, not when contractor's bid was rejected for failing to have the proper codes.

As in *Cummins* and *Collinson*, HMI's protest was premised on its objections to the bid requirements. Specifically, HMI claimed that the Contract Specifications' seven-day requirement to submit the Form was unenforceable because it altered the mandates of the Act and regulations. *See* R.R. at 5a-6a. The salient facts giving rise to HMI's protest were available to HMI at the time the solicitation for bids was published on May 19, 2018. Section 107.31 of the Contract Specifications clearly provided that the Form must be submitted within seven days of the bid opening. Moreover, on June 21, 2018, the date of the bid opening, the Department sent HMI an email stating that HMI had "been selected as the apparent low bidder for the Project" and reminding HMI that "[a] [Form] submission is required by 3:00 PM *within [seven] days after the bid opening*, or your bid will be rejected." R.R. at 17a (emphasis added).

HMI was on notice of the bid requirements as of May 19, 2018, or at the latest, June 21, 2018. However, HMI did not file its protest with the Department until July 9, 2018, which is more than seven days from the date HMI knew or should have known of the salient facts forming the basis for its protest. Thus, HMI's protest

6

is untimely. *See Collinson*; *Cummins; see also CenturyLink Public Communications, Inc. v. Department of Corrections*, 109 A.3d 820, 829 (Pa. Cmwlth. 2015) (offeror did not timely protest a threshold bid requirement at the time that it submitted its proposal thereby waiving any claim of error in this regard). The Department did not err in rejecting the protest as untimely.

Even if we were to conclude that HMI's protest was timely filed on the basis that HMI filed its protest within seven days of the Department's rejection of its bid, HMI would still not prevail on the merits because: (1) Section 107.31 of the Contract Specifications did not impermissibly alter the mandates of the Act or the regulations; and (2) having failed to comply with Section 107.31, HMI's bid was not responsive.

First, Section 107.31(a) and (b) of the Contract Specifications requires contractors, in accordance with the Act, to use the federal government's E-Verify system to ensure that all employees performing work on the Project are authorized to work in the United States and to use the Form to verify the employment eligibility of employees. Section 107.31(a) and (b) of the Contract Specifications. Subsection (c) then directs the contractor to email or fax the Form "by 3:00 P.M. prevailing local time within 7 calendar days after the bid opening." Section 107.31(c) of the Contract Specifications. "When the seventh (7th) calendar day after the bid opening falls on a day that the Department offices are closed, submit the Form by 3:00 P.M. prevailing local time on the next business day." *Id.* Section 107.31(c) clearly warns "[f]ailure or refusal to provide the Form will be considered a refusal to comply with bidding requirements, will result in the rejection of the bid, and may subject the contractor to the enforcement activities, sanctions and civil penalties specified in the Act." *Id.*

7

Contrary to HMI's assertions, Section 107.31 of the Contract Specifications does not alter the mandates of either the Act or the regulations. The Act and regulations provide that "[a]s a precondition of being awarded a contract for a public work . . . a public works contractor shall provide the public body with a verification form." Section 4 of the Act, 43 P.S. §167.4(a); *accord* 4 Pa. Code §66.5(a). These provisions establish the submission of the Form as a precondition of the award of the contract, but they do not establish a time for the submission of the Form. Section 107.31 does not alter or otherwise violate the Act or regulations, but merely prescribes the time within which the Form must be filed as part of the Contract Specifications.

Second, Section 512(g) of the Procurement Code requires public bidding contracts to be awarded to the lowest responsive and responsible bidder. 62 Pa. C.S. §512(g). A "responsive bid . . . conforms in all material respects to the requirements and criteria in the invitation for bids." Section 103 of the Procurement Code, 62 Pa. C.S. §103. A "responsible bidder" is "[a] bidder that has submitted a responsive bid and that possesses the capability to fully perform the contract requirements in all respects and the integrity and reliability to assure good faith performance." *Id.*

"In making a determination as to the lowest responsible bidder, each bid must be carefully examined to ascertain its responsiveness to the requirements of the [invitation for bid]." *Cardiac Science, Inc. v. Department of General Services*, 808 A.2d 1029, 1033 (Pa. Cmwlth. 2002). "[T]he statutory requirements for competitive bidding, and the ordinances enacted thereunder, do not exist solely to secure work or supplies at the lowest possible price, but also have the "'purpose of inviting competition, to guard against favoritism, improvidence, extravagance, fraud

and corruption in the awarding of municipal contracts . . . and are enacted . . . not for the benefits or enrichment of bidders . . . .'" *Conduit and Foundation Corp. v. City of Philadelphia*, 401 A.2d 376, 379 (Pa. Cmwlth. 1979) (quoting *Yohe v. Lower Burrell*, 208 A.2d 847, 850 (Pa. 1965)). Consequently, "[v]ariances from instructions and specifications in public works bidding are to be discouraged and, at a minimum, implicate the government's discretionary authority to reject a non-compliant bid." *Cardiac Science*, 808 A.2d at 1033 (internal quotation and citation omitted).

Notwithstanding, a bid defect may be waived in limited circumstances. *Gaeta v. Ridley School District*, 788 A.2d 363, 367 (Pa. 2002). In *Gaeta*, the Supreme Court fashioned a two-part test for determining whether a bid defect could be waived. *Id.* Specifically,

> a bid irregularity may only be clarified or disregarded as a waivable defect if the effect of a waiver of that term: (1) would not deprive the bid solicitor of an adequate assurance that the contract would be performed according to its specified requirements and (2) would not advantage the bidder over the other bidders.

*Cardiac Science*, 808 A.2d at 1034 (citing *Gaeta*, 788 A.2d at 367-68). While a government entity may waive a bid defect, it may not do so if the defect involves the waiver of a mandatory requirement that the bid documents treat as nonwaivable. *Id.* at 1033. "Where specifications set forth in a bidding document are mandatory, they must be strictly followed for the bid to be valid, and a violation of those mandatory bidding instructions constitutes a legally disqualifying error for which a public agent may reject a bid." *Glasgow, Inc. v. Pennsylvania Department of Transportation*, 851 A.2d 1014, 1017 (Pa. Cmwlth. 2004). Courts will not review the action of governmental bodies or administrative tribunals involving acts of discretion in the

9

absence of bad faith, fraud, capricious action, or abuse of power. *Cardiac Science*, 808 A.2d at 1033.

Here, although HMI provided the Form, it did not do so within the time constraints specified by the bid instructions. By failing to comply with all the bid requirements, HMI's bid was not responsive. As for HMI's argument that the Department may waive this bid defect, the Department may only waive non-mandatory requirements. *Glasgow*, 851 A.2d at 1017; *Cardiac Science*, 808 A.2d at 1034. The Contract Specifications make it clear that the failure to provide the Form "will be considered a refusal to comply with bidding requirements, will result in the rejection of the bid, and may subject the contractor to the enforcement activities, sanctions and civil penalties specified in the Act." Section 107.31(c) of the Contract Specifications. When read within the context, the seven-day deadline in which to submit the Form is mandatory and non-waivable. The Department does not have authority to waive material defects. *See Glasgow*, 851 A.2d at 1017; *Cardiac Science*, 808 A.2d at 1034. Alternatively, even if the defect was non-material, the Department was under no obligation to waive it. *See Cardiac Science*, 808 A.2d at 1033. The Department did not abuse its discretion by refusing to exercise it. *See id.*

Accordingly, we affirm.

MICHAEL H. WOJCIK, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Highway Materials, Inc.,     :
    :
         HMI     :
    :
            v.     :    No. 1267 C.D. 2018
    :
Commonwealth of Pennsylvania,     :
Department of Transportation,     :
    :
       Respondent   :

# **O R D E R**

AND NOW, this 22nd day of August, 2019, the order of the Commonwealth of Pennsylvania, Department of Transportation, dated September 4, 2018, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge